UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00213-FDW-DLH

| | |
|---|---|
| RONALD G. DEAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DENISE DEAN, and )<br>WELLS FARGO BANK, NATIONAL )<br>ASSOCIATION, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant Wells Fargo Bank's Motion to Dismiss for Failure to State a Claim. (Doc. No. 13). Plaintiff has responded, (Doc. No. 15), Defendant has replied, (Doc. No. 16), and this motion is now ripe for review. For the reasons stated below, Defendant's Motion is GRANTED IN PART and DENIED IN PART. Defendant's earlier Motion to Dismiss (Doc. No. 7) is hereby DENIED AS MOOT.

**I. BACKGROUND**

This action arises out of a disputed transaction involving a home equity line of credit. (Doc. No. 1, p. 7). Plaintiff was purportedly married to Defendant Denise Dean in 1982. Id. at 3. From 1982 through 2016, Defendant Dean was allegedly responsible for managing Plaintiff's finances. Id. Plaintiff alleges that Defendant Dean forged his signature on a deed of trust for a home equity line of credit in 2007. Id. at 4–5. Plaintiff alleges that this transaction was made without his knowledge or approval, and Plaintiff was never able to access or use this line of credit. Id. at 6–7. In addition, Plaintiff alleges that a Wells Fargo employee and notary public, Carol Everett, allowed

1

such a forgery to take place by notarizing the document without the personal appearance of a signatory. Id. at 5. Plaintiff alleges that Wells Fargo had a custom, policy, or practice to allow notary publics to notarize documents without the signatory present. Id. Furthermore, Plaintiff alleges that Defendants worked to conceal the existence of this home equity line of credit and deed of trust by failing to communicate the details of the transaction with him. Id. at 7. According to Plaintiff, this line of credit was for $95,000 and resulted in a lien on his home, interest and late fee costs, and emotional distress. Id. at 12–13.

Plaintiff commenced this action against Defendants Denise Dean and Wells Fargo Bank in state court on March 12, 2018. (Doc. No. 1-1, p. 2). On April 23, 2018, Defendant Wells Fargo removed the case to Federal Court. (Doc. No. 1). Wells Fargo now moves this Court to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) for failure to state a claim. (Doc. No. 13).

## II. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff has not stated a claim that is recognized by law. To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Id. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. On the other hand, a plaintiff's legal conclusions are not entitled to a presumption of truth. Id. at 678.

# III. ANALYSIS

Plaintiff's Amended Complaint (Doc. No. 9) states the following claims against Defendants: 1) Civil Conspiracy (Against All Defendants); 2) Breach of Fiduciary Duty (Against Defendant Wells Fargo); 3) Fraud (Against All Defendants); 4) Constructive Fraud (Against Defendant Wells Fargo); 5) Negligence and/or Gross Negligence (Against Defendant Wells Fargo); 6) Rescission (Against All Defendants); 7) Action to Quiet Title (Against All Defendants); 8) Unfair and Deceptive Trade Practices (Against Defendant Wells Fargo); and 9) Punitive Damages (Against All Defendants).[1] (Doc. No. 9, pp. 8–19). Except for the action to quiet title, Defendant Wells Fargo has moved to dismiss all of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 13-1, p. 1).

**A. Plaintiff's Claims for Breach of a Fiduciary Duty and Constructive Fraud**

Defendant Wells Fargo argues that Plaintiff's complaint fails to plead facts showing that Wells Fargo owed Plaintiff a fiduciary duty. (Doc. No. 13-1, p. 5).

Under North Carolina Law, "[f]or a fiduciary duty to exist, there must be a fiduciary relationship between the parties." CommScope Credit Union, v. Butler & Burke, LLP, 790 S.E.2d 657, 660 (N.C. 2016) (citing Dalton v. Camp, 548 S.E.2d 704, 707 (N.C. 2001)). A fiduciary relationship is one where "there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." Dalton, 548 S.E.2d at 707. There are two ways that North Carolina courts recognize the existence of a fiduciary relationship between two parties. First, "[t]he very nature of some relationships . . . gives rise to a fiduciary relationship as a matter of law." CommScope, 790

---

[1] Plaintiff's Complaint has two "Count IV's, thus, the claims are renumbered in this Order.

S.E.2d at 660. Second, a fiduciary relationship may arise in fact when "there is confidence reposed on one side, and resulting domination and influence on the other." Id. (citing Abbitt v. Gregory, 160 S.E. 896, 906 (N.C. 1931)).

Typical borrower-lender transactions "are considered arm's length and do not typically give rise to fiduciary duties." Dallaire v. Bank of America, N.A., 760 S.E.2d 263, 266 (N.C. 2014). North Carolina courts have declined to find a fiduciary duty in law or fact between a bank and its customers in a variety of contexts. See Dallaire, 760 S.E.2d at 267 (refusing to find a fiduciary relationship between a bank's loan officer and customers); Lynn v. Fed. Nat'l Mortg. Ass'n, 760 S.E.2d 372, 376 (N.C. Ct. App. 2014) (finding that no fiduciary relationship existed between a debtor and a bank in a mortgage dispute). Several federal courts in this district have similarly refused to find a fiduciary duty between a bank and a customer when applying North Carolina law. See Landmar, LLC v. Wells Fargo Bank, N.A., 978 F. Supp. 2d 552, 564 (W.D.N.C. 2013); Synovus Bank v. Karp, 887 F. Supp. 2d 677, 690 (W.D.N.C. 2012).

For example, in Branch Banking & Trust Company v. Thompson, a bank sued debtors for a debt under a promissory note. 418 S.E.2d 694, 696 (N.C. Ct. App. 1992). The debtors counterclaimed, claiming that their signatures on the promissory note were forgeries and alleging that the bank had breached a fiduciary duty to them. Id. The North Carolina Court of Appeals found that the relationship between the two parties was merely a debtor-creditor relationship, and there was no indication that the debtors "reposed any sort of special confidence in [the bank] which would serve to give rise to a fiduciary relationship." Id. at 699.

Here, Plaintiff pleads no facts that would suggest that he had a fiduciary duty with Wells Fargo. By Plaintiff's own set of facts, which this Court presumes to be true, his wife managed his finances and Wells Fargo did not consult with him in any way regarding the home line of equity.

4

(See Doc. No. 9, p. 5 ("Plaintiff had no knowledge of the transaction and did no participate in, consent to, authorize, approve, ratify, and/or condone the transaction.")). There is no indication from the facts pled in the complaint that Plaintiff placed a special confidence in the bank to move the relationship beyond a normal debtor-creditor relationship. See Branch Banking, 418 S.E.2d at 699.

To support the existence of a fiduciary duty, Plaintiff only claims that "[t]he banking relationship between the Plaintiff and Defendant Wells Fargo created a fiduciary relationship" and that Defendant Wells Fargo breached this fiduciary duty by not "protect[ing] Plaintiff's interests or assets" and by exploiting "its position of special trust and confidence . . . for financial gain." (Doc. No. 9, p. 9–10). However, these statements are legal conclusions, and therefore not entitled to a presumption of truth. See Iqbal, 556 U S. at 678. As a matter of law, the fact that Plaintiff was a customer of the bank is not enough to create a fiduciary relationship. Branch Banking, 418 S.E.2d at 699. For these reasons, Plaintiff has failed to plausibly plead the existence of a fiduciary relationship for a breach of fiduciary duty claim.

Plaintiff has also failed to plausibly plead a claim for constructive fraud. Under North Carolina law, the pleading of a constructive fraud claim is essentially predicated on the existence of a fiduciary duty. See Terry v. Terry, 273 S.E.2d 674, 677 (N.C. 1981) (requiring the pleading of facts and circumstances "(1) which created the relation of trust and confidence, and (2) which led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff" to sustain a claim for constructive fraud) (citation omitted). Since Plaintiff has not made a plausible showing that a relationship of special trust and confidence existed between himself and Wells Fargo Bank, he has also not plausibly pled a claim for constructive fraud. See Landmar, 978 F. Supp. 2d at 568 ("There

being no fiduciary duty between these parties, plaintiffs have failed to state a claim for constructive fraud.").

Therefore, Defendant's 12(b)(6) motion with respect to Plaintiff's breach of fiduciary duty and constructive fraud claims is hereby GRANTED and these claims against Defendant Wells Fargo are DISMISSED WITHOUT PREJUDICE.

**B. Plaintiff's Claims for Rescission and Punitive Damages**

Defendant Wells Fargo argues that Plaintiff's claims for rescission and punitive damages fail to state a cause of action because they are not stand-alone claims. (Doc. No. 13-1, p. 14). The Court agrees with Defendant. See Morris v. Scenera Research, LLC, 788 S.E.2d 154, 161 (N.C. 2016) ("Rescission is an equitable contract remedy . . . ."); Holland v. Wells Fargo Home Mortg., No. 5:14-cv-00176-MOC, 2015 WL 1432458 at *6 (W.D.N.C. Feb. 13, 2015) ("[R]escission is a remedy and not a cause of action . . . ."); Oestreicher v. American Nat'l Stores, Inc., 225 S.E.2d 797, 808 (N.C. 1976) ("As a rule you cannot have a cause of action for punitive damages by itself."). To the extent that Plaintiff is alleging rescission and punitive damages as separate causes of action, Defendant's motion to dismiss for failure to state a claim is GRANTED, and these claims are DISMISSED WITHOUT PREJUDICE. However, this ruling does not preclude Plaintiff from seeking these remedies under his other claims if such remedies are available by law.

**C. Plaintiff's Remaining Claims**

The Court has reviewed the remaining four claims and arguments regarding their dismissal in the briefs. In light of applicable law, the Court finds Plaintiff has sufficiently stated plausible claims against Defendant. For that reason, Defendant's Motion to Dismiss Plaintiff's Civil Conspiracy, Fraud, Negligence/Gross Negligence, and Unfair and Deceptive Trade Practices

claims is DENIED WITHOUT PREJUDICE. Defendant may reassert any applicable arguments regarding these claims at summary judgment.

**D. Defendant's Earlier Motion to Dismiss**

Defendant Wells Fargo Bank made an earlier Motion to Dismiss for Failure to State a Claim (Doc. No. 7). After Defendant made this Motion, Plaintiff amended his complaint. (Doc. No. 9). It is well settled law that a timely-filed amended pleading supersedes the original pleading, and motions directed at superseded pleadings may be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); Colin v. Marconi Commerce Sys. Emps.' Retirement Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) (finding that Defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Since Plaintiff's Amended Complaint was timely filed, Defendant's Motion to Dismiss Plaintiff's original pleading (Doc. No. 7) is DENIED AS MOOT.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 13) is GRANTED IN PART and DENIED IN PART. As stated above, Plaintiff fails to allege sufficient facts to support his claims of Breach of Fiduciary Duty and Constructive Fraud. Plaintiff also cannot plead Rescission and Punitive Damages as separate causes of action. Thus, these claims are hereby DISMISSED WITHOUT PREJUDICE. The Defendant's Motion to Dismiss regarding Plaintiff's other claims is DENIED and Defendant's earlier Motion to Dismiss (Doc. No. 7) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: September 19, 2018

Frank D. Whitney
Chief United States District Judge